## HEISELT CONST. CO. v. GARFF et al.

No. 7479.   Decided December 29, 1950.   (225 P. 2d 720.)

See 65 C. J. Trover and Conversion, Sec. 330. Annexation to realty as test of fixture. See note, 169 A. L. R. 490. See, also, 22 Am. Jur. 716 et seq.

*Ben E. Roberts,* Salt Lake City, for appellants.

*Lawrence Summerhays,* Salt Lake City, for respondents.

PRATT, Chief Justice.

Plaintiffs brought this action against defendants for an alleged conversion of certain items of personal property. From an adverse judgment, the plaintiffs appeal.

In 1946, defendants purchased certain real property from one A. E. Upton, under a contract. It was on this land, which the personalty was allegedly situated. There was a controversy as to the ownership of the land as between Upton and Heiselt, which was settled by this court on appeal in the case of *Upton* v. *Heiselt,* 118 Utah 573, 223 P. 2d 428. This court sustained the lower court in quieting title to the realty in Upton. The premises consisted of shops and allied buildings and yards, and had previously been used by the Heiselt Construction Company, along with certain other companies, as repair and storage yards and shops for their equipment.

It is contended by plaintiffs that Heiselt and the Heiselt Construction Company had valuable tools, supplies and equipment in the shops and buildings and yards at the time Heiselt ceased using the shops in 1938, and that after occupying the premises, defendants refused to turn the tools, supplies and equipment over to them even though demand had been made upon defendants. They further contend that defendants have exercised such dominion and control over the chattels as to make a demand futile and unnecessary.

Included in the items claimed by plaintiffs are some items which the trial court found to be fixtures, consisting of a steam boiler, a compressor and a traveling crane. Only

a part of the items claimed by plaintiffs were actually shown to have been on the premises when defendants took possession.

The trial court found that there had been no demand on defendants for the articles; that the compressor, steam boiler and crane were fixtures to the realty; and that defendants have at all times been, and still are, ready and willing to deliver possession of the personalty to the plaintiffs. The trial court also found that though the steam boiler and compressor were annexed to the realty as fixtures, that defendants were willing to allow plaintiffs to remove them.

The evidence is conflicting as to whether a demand had ever been made by Heiselt on the defendants for the return of the chattels, and a refusal of that demand. Plaintiffs concede this conflict in the evidence.

Mr. Heiselt testified that he was refused permission to remove the boiler on one occasion when he was prepared to do so, and that he was refused permission to remove other chattels on other occasions. Mark Garff, one of the defendants, disputes the refusal as to the boiler at the time testified to by Heiselt, and testified that on that occasion Heiselt did not have equipment with which to remove the boiler, and further that on that occasion nothing was said about the boiler. He concedes that at a later date they refused to let Heiselt take the boiler for the reason that in order to remove it from the building, it would be necessary to tear out part of a wall. He testified very positively that at no time had defendants refused Heiselt permission to remove the personal property located on the premises. Wayne Garff also testified that Heiselt had never been refused permission to remove the chattels. As to the occasion on which Heiselt claims to have demanded possession of his property, Wayne Garff testified that Heiselt made

no demand, but was snooping around the premises while his attorney engaged Garff in conversation, and that when it appeared that their only purpose was to trick him into some sort of admission, he asked them to leave. He also testified that he asked Heiselt when he was going to remove the chattels from the premises.

Since there is evidence in the record from which court could find that plaintiffs had not made a demand upon defendants for the personalty and that defendants did not exercise dominion and control over the personalty to the exclusion of the plaintiffs, but to the contrary, were anxious to be rid of it, we find no error in this regard.

Appellants raise the point that the boiler, compressor and crane were improperly classified as fixtures by the court. Photographs of these items were in evidence, and there was testimony that they were in fact a part of the building and annexed to the realty. The building housing the boiler was built around the boiler, after it had been installed. The boiler was bulky and weighed some 3,000 pounds. There was no way of removing it except by tearing out part of a wall. The compressor was connected to the boiler and also bolted to a cement block set in the floor. The overhead crane runs the length of the shop, and appears as an integral part of the building itself. Each item is particularly adapted to the use for which the entire building was intended and used. Removal of any or all of these items would injure what remained. The history of the premises eliminates any thought that there was an intention that these items were other than part and parcel of the premises. There is no error in the court's findings that these items were fixtures.

Notwithstanding the findings of the court that the compressor, boiler and crane were fixtures and a part of the realty, the defendants were willing that plaintiffs have

and remove the compressor and boiler, provided they would post a bond to insure protection of the property from injury. Accordingly, the court included a provision in its decree that plaintiffs were entitled to the boiler and compressor if they posted a bond to protect against injury to the remaining property, and if they removed them within forty days. Otherwise, the plaintiffs were to have no right or interest in them.

The court found that certain items of personalty were in fact in the buildings and yards when defendants took over the premises, and that these items belonged to plaintiffs. He also found that ten days was a reasonable time in which to remove them from the premises, and in the judgment provided that unless plaintiffs removed the personalty from the premises within ten days of the judgment, then plaintiffs had no further right or interest in them.

Plaintiffs complain of that portion of the judgment which requires removal within ten and forty days, under penalty of forfeiture of rights in the property. By the very nature of the case, plaintiffs would be in a peculiar position if they removed the personalty prior to the appeal of this case, and the case was reversed. The judgment by its terms purported to dispose of plaintiffs title. There is a finding that the parties agreed that ten days and forty days were reasonable times within which to remove the personal property and the boiler and compressor from the premises. This, however, does not constitute an authorization to change the title to the property on failure to remove it from the premises. The boiler and compressor were annexed to the realty, and the plaintiffs had no actual right in them. Therefore, since plaintiffs' interest in them was only that which defendants were willing to bestow, the trial court's judgment did not, as to these items, affect plaintiffs' title, since they had no title.

As to the personal property, however, which was ad-

judged as belonging to the plaintiffs; that portion of the judgment purporting to deprive plaintiffs of their title upon failure to remove within ten days must be reversed. This, however, without prejudice to the rights of the parties subsequent to entry of the judgment from which this appeal was taken.

Defendants have cross-appealed on the ground that the trial court erred in failing to grant defendants' motion for a dismissal of plaintiffs' action. This motion was based upon an alleged failure to submit proof of value of the various items of personal property. There was evidence from which the court could affix the values of certain of the items, therefore the trial court properly denied the motion.

The judgment of the lower court, insofar as it purports to deprive plaintiffs of their right and interest in the personal property, is hereby reversed; and the balance of the judgment is affirmed.

Each party to bear its own costs.

WADE, WOLFE, LATIMER and McDONOUGH, JJ., concur.