427 P.2d 749

ˉSTATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Appellant,

v.

ˌJohn E. PAPANIKOLAS, Gus E. Papanikolas and Nick E. Papanikolas, dba Magna Investment and Development Company, a partnership, Defendants, Respondents, and Cross-Appellants.

No. 10657.

Supreme Court of Utah.

May 9, 1967.

Phil L. Hansen, Atty. Gen., Joseph Novak, Sp. Asst. Atty. Gen., Salt Lake City, for appellant.

Ray, Rawlins, Jones & Henderson and W. Robert Wright, Salt Lake City, for respondents.

ELLETT, Justice:

In this case the State condemned realty and took part of a building located thereon. The parties stipulated that the value of the land taken together with the amount of damages resulting to the land not taken by reason of the severance was $50,000.00. They further stipulated that there would be added to that sum the value of fixtures in the building on the land taken if the court should hold that such fixtures are a compensable item. They further stipulated that the difference between the fair market value before and after the taking would be the amount of severance damages to be allocated to the fixtures located in the part of the building not taken, and if severance damages are allowed for fixtures not taken, this item should also be added to the stipulated award.

The trial court awarded $53,731.00 additional damages for the fixtures located in the part of the building taken.

This appeal seeks a reversal of that award. The appellant also makes complaint that certain items found by the court to be fixtures were not in fact fixtures.

Respondents cross-appeal because the court allowed nothing for those fixtures in that part of the building which was not taken.

The principal issue presented by this appeal is whether or not fixtures are compensable when taken as a part of the realty or when damaged by reason of the severance if not actually taken.

The Constitution of Utah provides: "Private property shall not be taken or damaged for public use without just compensation." Article I, Section 22. This constitutional provision is implemented by Section 78-34-10, U.C.A.1953, which reads as follows:

The court, jury or referee must hear such legal evidence as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess:

(1) The value of the property sought to be condemned and all improvements thereon appertaining to the realty, and of each and every separate estate or interest therein; and if it consists of different parcels, the value of each parcel and of each estate or interest therein shall be separately assessed.

(2) If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned and the con-

-struction of the improvement in the manner proposed by the plaintiff.

\*    \*    \*    \*    \*    \*

This court has heretofore held that the cost of removing personal property (old cars from a wrecking yard) from condemned realty was not compensable. Utah Road Commission v. Hansen, 14 Utah 2d 305, 383 P.2d 917. However, it has never passed upon the question here presented.

The courts of every state in the Union passing upon this matter have held that fixtures are compensable.

Section 5.83 in Volume 2, Nichols on Eminent Domain, has the following language.

The rule in regard to machinery or other articles which were originally chattels but which have been affixed to a building by the owner in such a way as to indicate an intention that they are to remain permanently and which thus form a part of the real estate, is the same as in the case of buildings. In determining the market value of the premises as a whole, the fixtures are to be taken into consideration, and the owner is entitled to recover for their destruction so far as they added to the market value of the premises.

In fact, counsel for the State does not argue that these holdings are in error but seeks a declaration as to whether or not fixtures are compensable in condemnation proceedings in this State.

In determining whether or not an item is a fixture, the courts usually apply the general three-way test, viz., (1) manner in which the item is attached or annexed to realty; (2) whether the item is adaptable to the particular use of the realty; and (3) the intention of the annexor to make an item a permanent part of the realty. This court has heretofore applied this test in non-condemnation cases. Heiselt Construction Company v. Garff et al., 119 Utah 164, 225 P.2d 720. We can see no reason why it should not apply the same test to condemnation cases.

In the instant case the building involved housed the equipment in question which was used for the purpose of prefabricating houses. The machines and the building were designed for the sole purpose for which they were used. The machines were all bolted to the floor or the walls of the building and were integrated with each other in a particular use and were intended to be a part and parcel of the plant. The trial judge found that they all were fixtures, and we agree with that finding. The amount of the award was amply sustained by the evidence.

Now, as to the cross-appeal, the landowner has the duty of convincing the trier of the fact by a preponderance of the evidence of the amount of damages sustained by reason of the severance. If he fails in that regard, he cannot recover.

The parties stipulated that the amount of additional compensation to be paid for severance damages, if any, to the fixtures not taken would be the difference between the fair market value before and after the taking if any difference there be.

The landowners offered evidence to the effect that the fixtures were no longer usable for the purposes for which they were designed, the reasons being (1) the difficulty in getting raw material into that part of the plant where they are located, and (2) the lack of sufficient work to keep gainfully employed the required number of men to operate the part of the plant remaining after the severance. There was also testimony given regarding the value of the machines less depreciation. The trial judge did not think this evidence was sufficient for him to find any severance damages to those fixtures in that part of the building not taken, and the evidence does not compel a contrary finding.

In affirming the holding of the trial court, we do not mean to indicate that the method of ascertaining the damages and severance damages for fixtures is that stipulated to by the parties hereto. We think the fixtures are a part of the realty and should be considered as a unit with the realty and not be added thereto as was done by stipulation in this case.

The judgment is affirmed with no costs awarded.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.